**FILED**
**Jul 30, 2019**
**09:18 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **PHILLIP MULLIS SR.,** | ) | **Docket No. 2018-03-1517** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BLOUNT COUNTY COMMUNITY** | ) | |
| **ACTION AGENCY,** | ) | **State File No. 90221-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **PUBLIC ENTITY PARTNERS,** | ) | |
| **Carrier.** | ) | **Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on Phillip Mullis Sr.'s Request for Expedited Hearing. The issue is whether Mr. Mullis established that he is likely to prevail at a hearing on the merits in proving entitlement to benefits for an alleged work-related hernia.[1] For the reasons below, the Court finds that Mr. Mullis failed to do so and denies the requested benefits.

### History of Claim

Mr. Mullis worked for Blount County Community Action Agency (BCCAA). His duties included delivering meals to the elderly and picking up food from a food bank.

Mr. Mullis testified that on either September 3, 4 or 5, 2018, he felt a sharp pain and heard a "pop" on his left side when he bent over to pick up a box of food. He stated that Lynnda Manville, the Supervisor and Senior Nutrition Director, asked if he was all right, and he replied no. Mr. Mullis also alleged that Ms. Manville witnessed him yell out

---

[1] Both the Petition for Benefit for Determination (PBD) and the Dispute Certification Notice (DCN) listed a hernia injury. At the beginning of the hearing, Mr. Mullis confirmed that the issue before the Court was whether he sustained a work-related hernia. However, he later testified that he actually sustained a pinched left femoral artery. Since Mr. Mullis did not include the pinched left femoral artery claim on the PBD or DCN, the Court is unable to address that issue.

in pain and co-worker Renee Jennings helped him to his car because of the injury. He testified that he did not return to work until the following Monday.

Mr. Mullis claimed that he had a swollen groin and a hemorrhaged/purple left leg from the work injury. After continuing to work for a month, he asked for time off to see the doctor. Instead of granting his request, BCCAA fired him. He said he "self-diagnosed" himself with a hernia, but a Veteran's Administration (VA) doctor informed him he might have a pinched femoral artery.

BCCAA claimed Mr. Mullis furnished no medical evidence establishing that he sustained a work-related hernia and failed to provide timely notice of his alleged injury. Specifically, BCCAA alleged that it first learned of Mr. Mullis's alleged hernia through a letter from the Bureau of Workers' Compensation on November 27, 2018, requesting it file a Tennessee Employer's First Report of Work Injury. BCCAA also claimed its time records show that Mr. Mullis worked his full six-hour shifts the two days following the alleged date of injury, and he continued working his regular shifts through September 26 with September 20 as the only exception.

In response to the Bureau's inquiry, BCCAA's carrier obtained Mr. Mullis's recorded statement. In that statement, Mr. Mullis admitted he did not know the date he allegedly became injured but said that it was sometime in September. BCCA provided Ms. Manville's affidavit, in which she stated that she did not hear Mr. Mullis call out or make any type of exclamation of pain on September 5. She further denied that he told her that he suffered a work injury. Additionally, Ms. Manville stated that she did not tell Mr. Mullis to go home and the time records support her version of the facts over Mr. Mullis's.

Ms. Manville noted that on September 27, Mr. Mullins called in sick, and on September 28 he asked to work fewer days due to problems with his mother. At that time, Mr. Mullis relayed to Ms. Manville that he had a tentative date of October 12 for right hernia surgery. Ms. Manville indicated she was unable to reach Mr. Mullis at the worksite later on September 28, and he never returned. As a result, BCCAA determined that Mr. Mullis quit.

BCCAA provided an affidavit from co-worker Violet Ross, which stated Mr. Mullis told her on multiple occasions that he had a hernia for several years that needed repair, but he was unable to schedule the surgery. Additionally, Mr. Mullis's VA records showed he had a right inguinal hernia as far back as April 2011.

Notwithstanding the inconsistencies between Mr. Mullis's and Ms. Manville's affidavit testimonies, BCCAA also questioned the alleged incident on the basis that no food products or other goods were unloaded or unpacked on September 5. BCCAA additionally alleged that no deliveries were made on that day or the day before.

2

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Mullis must show he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

For his hernia claim, Mr. Mullis must definitely prove to the satisfaction of the Court that:

(1)     There was an injury resulting in hernia or rupture;
(2)     The hernia or rupture appeared suddenly;
(3)     It was accompanied by pain;
(4)     The hernia or rupture immediately followed the accident; and
(5)     The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2018). The hernia must result from an "injury by accident arising primarily out of and in the course and scope" of Mr. Mullis's employment. *Id*. This statutory criterion is "intended to insure that a claimant's hernia . . . 'result[ed] from the accident for which compensation is claimed,' and not to a past condition which is unrelated to the new injury." *Rhodes v. Careall, Inc.*, No. W2010-02192-WC-R3-WC, 2011 Tenn. LEXIS 1157, at *11 (Tenn. Workers' Comp. Panel Dec. 20, 2011).

The Court finds Mr. Mullis failed to definitively prove the hernia criteria. First, he failed to provide any medical proof that he sustained a work injury that resulted in a hernia or rupture. Second, Mr. Mullis discussed the fact that his left leg, from groin to toe, turned purple, but he did not testify about an immediate bulge in his groin. Third, Mr. Mullis described pain following an incident at work, but he admitted that he diagnosed himself with a hernia and later believed his pain might have arisen instead from a ruptured femoral artery. Fourth, Mr. Mullis provided no testimony or medical proof that a hernia immediately followed a work injury. Finally, Mr. Mullis's VA records show he had a right-sided hernia back in 2011. Admittedly Mr. Mullis testified his pain is now in the left side of his groin and leg, but he provided no medical proof that he actually sustained a left-sided hernia.

For these reasons, the Court holds that Mr. Mullis failed to show a likelihood of prevailing at a trial.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Mullis' claim for his alleged work-related hernia is denied at this time.

2. This case is set for a **Status Hearing/Scheduling Hearing on November 18, 2019, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 to participate** in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED July 30, 2019.**

_Lisa A. Lowe_
_____
**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Affidavit of Affidavit of Phillip Mullis
2. Affidavit of David Buchanan
3. Affidavit of Lynnda Manville
4. Affidavit of Charlotte Douglas
5. Affidavit of Violet Ross
6. Affidavit of Renee Jennings
7. Affidavit of Dan Sibley
8. Recorded Statement of Phillip Mullis
9. Table of Contents of Medical Record Excerpts of the Department of Veterans Affairs
10. Medical Expense from Blount Memorial Physicians Group
11. Medical Records of the Department of Veterans Affairs (for identification purposes only)

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Witness List
5. Notice of Expedited Hearing
6. Employer's Response to the Employee's Request for Expedited Hearing
7. Employer's Memorandum
8. Employee's Second Request for Expedited Hearing – Amended Witness List

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 30, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Phillip Mullis, Self-Represented Employee | X | | X | 7619 Old Highway 73 Townsend, TN 37882 Oldbutnotforgottenmike@gmail.com |
| John T. Batson, Employer's Attorney | | | X | jbatson@watsonroach.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries       $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water          $ _____ per month     Clothing        $ _____ per month

Gas            $ _____ per month     Child Care      $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car            $_____ per month

Other         $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                  $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*